GLICKSTEIN, Judge,
concurring specialty-
I cannot speak for my colleagues, who affirm per curiam, but wish to state the basis for my affirmance.
Appellant mortgage corporation had supplied the language, in a mortgage commitment agreement, pertaining to buy down of the interest rate by appellee builder, on mortgages appellant would take from buyers of the builder’s units. Appellee paid $100,000 for the mortgage corporation’s commitment to finance these purchases up to a total of $5,000,000. The buy down provision called for use of a specified prepayment mortgage yield payment table “assuming a 30 year amortization with a five year prepayment.” It stated further:
In addition, MHMC may allow the developer to utilize an interest escrow prepayment, MHMC retaining same, in order to buy down the gross rate for a specified period less than three years. [Emphasis added.]
When nine mortgage loans were submitted to appellant for processing, appellant insisted on applying the escrow method, and would not accept the use of the prepayment mortgage yield table calculations. The builder wished to buy down the rate for precisely three years, with the borrowers to pay the full interest rate thereafter. Because the parties could not agree, the mortgage loans were never closed. The builder sued in breach of contract, seeking the return of its $100,000 commitment fee. The trial court found in plaintiff/appellee’s favor.
My reason for affirming is that I believe the agreement called for, or should be construed to call for, use of the prepayment mortgage yield table for any buy down up to five years. The escrow method was available only if the buy down was for less than three years, the builder requested its application, and the mortgage corporation agreed. Thus, by insisting on the latter *663 method for a buy down of exactly three years’ interest, the appellant breached the contract.